**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ECOLAB INC. and ECOLAB USA INC.,

                Plaintiffs,

v.

INTERNATIONAL CHEMICAL
CORPORATION,

                Defendant.

Civil No. 6:18-cv-01910-CEM-GJK

**CASE MANAGEMENT REPORT IN PATENT CASES**

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | March 8, 2019 |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Complete |
| Motions to Add Parties or Amend Pleadings [Court recommends 1–2 months after CMR meeting] | April 8, 2019 |
| Disclosure of Infringement Contentions [1 month after CMR meeting] | March 8, 2019 |
| Disclosure of Non-Infringement and Invalidity Contentions [within 1 month of above] | April 8, 2019 |
| Initial Identification of Disputed Claim Terms [within 1 month of above] | May 8, 2019 |
| Proposed Claim Term Constructions [within 1 month of above] | June 10, 2019 |
| Joint Claim Construction Statement [within 2 weeks of above] | June 24, 2019 |

| | |
|---|---|
| Technology Tutorial Conference [within 2-4 weeks of above] (if requested, insert date; otherwise, leave blank) | |
| Plaintiff's Claim Construction Brief [within 1 month of above] | July 24, 2019 |
| Defendant's Response Brief [within 1 month of above] | August 23, 2019 |
| Joint Pre-Hearing Statement [within 1 week of above] | August 30, 2019 |
| Claim Construction Hearing [within 3 weeks of above] | By September 20, 2019 |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof [no sooner than 3 months and no later than 5 months of above] | February 10, 2020 |
| Disclosure of Rebuttal Expert Reports [within 1 month of above] | March 13, 2020 |
| Fact Discovery Deadline [within 2 months of Amendments] | April 10, 2020 |
| Expert Discovery Deadline [within 1 month of above] | May 11, 2020 |
| Dispositive Motions, Daubert, and Markman Motions [Court requires 5 months or more before trial term begins] | June 8, 2020 |
| Meeting In Person to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | October 8, 2020 |
| Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial] | October 23, 2020 |
| All Other Motions Including Motions in Limine, Trial Briefs | November 6, 2020 |
| Trial Term Begins<br><br>[Local Rule 3.05(c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | December 7, 2020 |

| | |
|---|---|
| Estimated Length of Trial [trial days] | 7-10 days |
| Jury/Non-Jury | Jury |
| Mediation                                         Deadline: <br> Mediator: <br> Address: <br><br><br> Telephone: <br><br> [Absent arbitration, mediation is mandatory; Court recommends either 2-3 months after CMR meeting, or just after discovery deadline.  If the parties do not select a mediator in the CMR, the Court will appoint one from its List of Certified Mediators.] | May 17, 2019 <br> Jay M. Cohen <br> P.O. Box 2210 <br> Winter Park, FL 32790-2210 <br><br> 407-644-1181 |
| All Parties Consent to Proceed Before a Magistrate Judge | Yes___  No_X_ <br> Likely to Agree in Future _____ |

## I.     Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A)[1], a meeting was held on **January 23, 2019**, at **2:00 p.m.** at the offices of Allen, Dyer, Doppelt & Gilchrist, P.A. and was attended by:

    For Plaintiffs: Rachel Zimmerman Scobie and Eric R. Chad, Merchant & Gould P.C.; Brian Gilchrist, Allen, Dyer, Doppelt & Gilchrist, PA.

    For Defendant: Amber N. Davis, Beusse Wolter Sanks & Maire, PLLC

## II.    Pre-Discovery Initial Disclosures of Core Information

    **Fed. R. Civ. P. 26(a)(1)(A)-(D) Disclosures**

---

[1] A copy of the Local Rules may be viewed by http://www.flmn.uscourts.gov.

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties agree to exchange information described in Rule 26(a)(1)(A)–(D) by **March 8, 2019**.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

1. Identification of individuals likely to have discoverable information or information that either party may use to support its claims or defenses, including a description of the subject matter of such information;

2. Description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses;

3. A computation of each category of damages claimed by the disclosing party, if possible; and

4. A copy of any applicable insurance agreement(s) under which an insurance business may be liable to satisfy all or part of a possible judgment in the action.

### III. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case.

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

    A. The form or forms in which ESI should be produced.

    B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

    C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

    D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    F. Any issues relating to preservation of discoverable ESI.

    G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The

---

[2] See Generally: Rules Advisory Committee Notes to the 2006 Amendments to Rule 26f) and Rule 16.

parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

   H. Whether the discovery of ESI should be conducted in phases, limited or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

The parties have agreed to the production of ESI in the form and manner required by a separate ESI Protocol Agreement.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_ One or more of the parties request that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Federal Rule of Civil Procedure 16(a).**

\_X\_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

### IV. Agreed Discovery Plan for Plaintiffs and Defendants

   **A.** **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.

A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____ No    Amended Certificate will be filed by _____ (party) on or before _____ (date).

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03(f). The parties further agree as follows:

All written discovery requests served by any party shall be accompanied by a courtesy copy served in editable formant (*i.e.*, as a Microsoft Word .doc file) to facilitate responses by the responding party.

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); *see also* Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will

consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions – The parties agree to limit depositions in time and number as required by the Federal Rules of Civil Procedure.

2. Interrogatories – The parties agree to the limits established by the Federal Rules of Civil Procedure.

3. Document Requests – The parties agree to the limits established by the Federal Rules of Civil Procedure.

4. Requests to Admit – The parties agree to the limits established by the Federal Rules of Civil Procedure.

5. Supplementation of Discovery – All parties will supplement all written discovery responses, where necessary, by the close of fact discovery on **March 13, 2020.**

D. **Discovery Deadline – April 10, 2020**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

N/A

E. **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such

information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

N/A

  F.  **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties have entered a separate confidentiality agreement to govern the production, designation, and use of confidential materials in this case.

    G.    **Other Matters Regarding Discovery**

N/A

V.    **Settlement and Alternative Dispute Resolution**

    A.    **Settlement**

The parties agree that settlement is

_____ likely _____ unlikely \_\_\_X\_\_\_ unknown at this time (check one)

The parties request a settlement conference before a United States Magistrate Judge. _____ yes \_\_\_\_X\_\_\_\_ no _____ likely to request in future

    B.    **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_\_\_ Yes \_\_X\_\_ No _____ likely to agree in future

\_\_\_\_\_ Binding _____ Non-Binding

    C.    **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    D.    **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

None at this time, though the parties may agree to further ADR proceedings in the future.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

Respectfully submitted January 29, 2019.

| | |
|---|---|
| */s/Eric R. Chad* | */s/Amber N. Davis* |
| Brian R. Gilchrist | Amber N. Davis |
| Florida Bar No. 774065 | Florida Bar No.: 0026628 |
| bgilchrist@allendyer.com | Robert L. Wolter |
| Ryan T. Santurri | Florida Bar No.: 0906344 |
| Florida Bar. No. 15698 | Kevin W. Wimberly |
| rsanturri@allendyer.com | Florida Bar No.: 0057977 |
| Allen, Dyer, Doppelt & Gilchrist P.A. | BEUSSE WOLTER SANKS & MAIRE, PLLC |
| 255 South Orange Avenue, Suite 1401 | 390 North Orange Avenue |
| Orlando, FL 32801 | Suite 2500 |
| Telephone: (407) 841-233 | Orlando, Florida 32801 |
| Facsimile: (407) 841-2343 | Telephone: (407) 926-7713 |
| | Facsimile: (407) 926-7720 |
| Rachel Z. Scobie (*pro hac vice*) | Email: adavis@bwsmiplaw.com |
| rscobie@merchantgould.com | Email: rwolter@bwsmiplaw.com |
| Eric R. Chad (*pro hac vice*) | Email: kwimberly@bwsmiplaw.com |
| echad@merchantgould.com | |
| MERCHANT & GOULD P.C. | *Attorneys for Defendant International Chemical Corporation* |
| 3200 IDS Center | |
| 80 South Eighth Street | |
| Minneapolis, MN 55402-2215 | |
| Telephone: (612) 332-5300 | |
| Facsimile: (612) 332-9081 | |

*Attorneys for Plaintiffs Ecolab Inc. and Ecolab USA Inc.*

11

## **CERTIFICATE OF FILING**

      I HEREBY CERTIFY that on January 29, 2019, I presented the foregoing to the Clerk of the Court for filing and uploading to the Case Management/Electronic Case Filing ("CM/ECF") system.

                                         */s/Eric R. Chad*
                                         Eric R. Chad (*pro hac vice*)