UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ECOLAB INC. and ECOLAB USA INC.,

   Plaintiffs,

v.                                             Case No: 6:18-cv-1910-Orl-41GJK

INTERNATIONAL CHEMICAL
CORPORATION,

   Defendant.

## ORDER[1]

This case comes before the Court without a hearing on Plaintiffs' Motion to Compel (Doc. 82).[2] Defendant opposes the motion (Doc. 93).

In 2010, Plaintiffs sued Defendant for patent infringement, false advertising, trademark infringement, unfair competition, and unfair and deceptive trade practices[3] (Doc. 13, ¶ 9). The case settled in 2012 on the terms contained in a written Settlement Agreement (Doc. 13-3) and Stipulation for Consent Judgment, Final Order, and Permanent Injunction (Doc. 13-2). Now, Plaintiffs allege that Defendant has breached the Settlement Agreement, is infringing their patents and trademark, unfairly competing, and engaging in deceptive and unfair practices (Doc. 13). Defendant has counterclaimed for breach of the Settlement Agreement and declaratory judgments of non-infringement and that certain of Plaintiffs' patents are invalid and unenforceable (Doc. 60).

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.
[2] Document 82 is the unredacted, sealed version of the motion; the redacted version is Document 81 on the public docket.
[3] Middle District of Florida Case No. 6:10-cv-1208-Orl-22GJK.

Plaintiffs served requests for production and interrogatories on Defendant and it provided responses (Doc. 82-1; Doc. 82-2; Doc. 83-3; Doc. 82-4). Plaintiffs were not satisfied with the responses and counsel engaged in the meet-and-confer process. This resulted in Defendant amending and supplementing its interrogatory answers multiple times (Doc. 82-5; Doc. 82-6; Doc. 82-7; Doc. 82-8; Doc. 82-9; Doc. 82-10; Doc. 82-11). In addition to these amendments and supplements Defendant provided a further response to Interrogatory No. 5 (Doc. 82-12). Still, the parties are unable to agree on the sufficiency of three of Defendant's interrogatory answers and the instant motion was filed.

Plaintiffs' Interrogatory No. 1 asks Defendant to:

> Describe in detail each and every version of the Accused Products made, used, offered for sale, sold, or imported by You from November 2012 through the present. A complete answer to this interrogatory must include the formula for each Accused Product (including each version or reformulation of DRY TRAC or DRY TRAC ICE), a description of whether the Accused Product was diluted and if so, what the dilution is, a description of any verbal or written instructions for application provided to the purchaser, and a description of the structure and operation of the systems used to apply the Accused Products.

(Doc. 82-1 at 3). Defendant has produced what Plaintiffs characterize as "a high level-overview of each product's formulation," including broad ranges for the amounts of ingredients included in each Accused Product (Doc. 82 at 16). Plaintiffs argue that this is insufficient in part because Defendant has not specified the quantities of the ingredients in the Accused Products (Id., at 17). Plaintiffs are now asking the Court to compel Defendant to disclose the name, manufacturer, product number or SKU, and amount of each ingredient in each of the Accused Products (Doc. 82 at 16-18).

Defendant maintains that it has already answered Interrogatory No. 1 and the current dispute has more to do with the question than the answer (Doc. 93 at 7-8). For

example, Defendant notes that Plaintiffs failed to ask for the manufacturer information they now want the Court to compel (Id., at 8). Defendant also argues that Plaintiffs have received actual samples of the Accused Products which they have submitted to their own experts for analysis (Id., at 8-9). Defendant believes this analysis will produce the information Plaintiffs seek (Id.). Lastly, Defendant argues that the product information it has furnished is more detailed than the information it provided in the 2010 case (Id., at 9-10).

The formulas Plaintiffs seek are relevant and discoverable, and Defendant has provided no legal authority holding that Plaintiffs may not obtain the formulas from Defendant, or that Plaintiffs should be required to perform their own analysis to learn that information. Additionally, the Court fails to understand what discovery in the 2010 case has to do with this discovery dispute. Accordingly, the motion, as to Interrogatory No. 1 is **GRANTED**, Defendant shall provide the complete formulas for each of the Accused Products within 14 days from the rendition of this Order. The formulas furnished by Defendant to Plaintiffs shall include the ingredients and quantities of ingredients with the specificity required for Plaintiffs to be able to duplicate the Accused Products. This may or may not require Defendant to divulge the name, manufacturer, product number or SKU for each ingredient but, Defendant is on notice that naming a generic chemical compound, without more, will not suffice if that generic compound can be purchased in different forms or with different properties or qualities. To the extent this information is confidential or a trade secret, it may be produced in accordance with the terms of the parties' amended confidentiality agreement (Doc. 82-16).

Although not alleged in their complaint, Plaintiffs now claim that the manner in which certain Accused Products are applied violates the terms of the parties' 2012 settlement (Doc. 82 at 10-14). Plaintiffs' Interrogatory No. 5 asks Defendant:

> For each customer identified in response to Interrogatory No. 3, state the following information for any period of time during which said customer used any method of applying the Accused Products other than the use of brushes in contact with the surface of the conveyor chain: the dates of such use, the structure and operation of the application equipment used, the volume of the Accused Product sold (on a monthly basis), and ICC's revenues from the sale of Accused Product (on a monthly basis).

(Id., at 10). In its initial response to this interrogatory Defendant asserted boilerplate objections including that it "is unduly burdensome, overbroad, not relevant …" (Doc. 82-3 at 5). Defendant also raised the attorney-client and work product privileges before stating: "Subject to the foregoing objections, [Defendant] will provide a response to this Interrogatory once the parties enter into the amended confidentiality agreement which provides for a CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY designation." (Id.).

The parties entered into the amended confidentiality agreement (Doc. 82-16), and Defendant supplemented its answer to Interrogatory No. 5 (Doc. 82-6 at 6). The supplemented answer reiterates Defendant's boilerplate objections and assertions of privilege and then says: "Subject to the foregoing objections, attached as Exhibit "C" is the response to this interrogatory, and it has been marked as CONFIDENTIAL ATTORNEYS EYES ONLY pursuant to the Confidentiality Agreement." (Id.). Exhibit "C" lists five customers, their product usage, and the total sales price of the products sold to those customers (Id., at 11).

Counsel continued to confer, and Defendant further amended its response by disclosing the identities of two customers under the heading "Brushes not touching conveyors" (Doc. 82-8 at 15). Included with this additional information was Defendant's representation that: "We are continuing to investigate this and will provide additional information when it [sic] received but we continue to assert that brushes not touching the conveyors is not a violation of the settlement agreement as described in the letter to Eric Chad on [sic]" (Id., at 15-16).

In a subsequent letter to Plaintiffs' lawyers, defense counsel wrote: "I am currently working on amending Interrogatory No. 5 with the client and will get that to you ASAP." (Doc. 82-9 at 3). When the further amended answer to Interrogatory No. 5 was delivered, it said: (1) Defendant does not believe the use of brushes not touching a conveyor is a breach of the settlement agreement; (2) Plaintiffs' complaint fails to allege this purported breach of the settlement agreement; (3) Plaintiffs could have, but failed to amend their complaint to include this claim; and (3) Defendant objects to any use of evidence pertaining to brushes not touching the conveyor as evidence of alleged breaches of the settlement agreement (Doc. 82-12 at 2-3).

Plaintiffs argue that Defendant waived these objections because they were not asserted in Defendant's original response to Interrogatory No. 5 (Doc. 82 at 12-13). Defendant counters that there was no waiver. First, it notes that it reserved its response until after the parties amended their confidentiality agreement (Doc. 93 at 2). Second, it says once the amended confidentiality agreement was signed, it provided an answer which did not include information concerning hovering brushes (Id.). Third, when Defendant later disclosed two customers who utilize hovering brushes it also asserted

- 5 -

that such is not a violation of the settlement agreement (Id., at 3). Fourth, it says Plaintiffs became aware of its position that the use of hovering brushes is not an issue six days before the deadline to amend the pleadings and Plaintiffs failed to seek leave of Court to amend their complaint to add this claim (Id., at 4).

Defendant's general objections and non-specific boilerplate objections to Interrogatory No. 5 are overruled because they violate FED. R. CIV. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").

In the first three of its four responses to Interrogatory No. 5 Defendant stated that its answer was subject to the objections it had asserted. Responding "subject to," or "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-CV-749-ORL-41, 2015 WL 1470971 at *4 (M.D. Fla. Mar. 31, 2015), quoting Martin v. Zale Del., Inc., No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, *2 (M.D. Fla. Dec. 15, 2008). If this was not sufficient to overrule the objections, Defendant actually disclosed two additional customers who are part of the information it now says is not relevant.

The Court has published a handbook on civil discovery practice in the Middle District of Florida (https://www.flmd.uscourts.gov/civil-discovery-handbook). Although the handbook is not law it attempts to capture and express the discovery practice and custom in this district. Consequently, while the handbook is not binding on the Court, it is a persuasive authority (Id., at 1). The handbook says:

> Objections. Absent compelling circumstances, failure to assert
> objections to an interrogatory within the time for answers
> constitutes a waiver and will preclude a party from asserting
> the objection in a response to a motion to compel. All grounds
> for an objection must be stated with specificity. Specific
> objections should be matched to specific interrogatories.

> General or blanket objections should be used only when they apply to every interrogatory. When an answer is narrowed by one or more objections, this fact and the nature of the information withheld should be specified in the response itself.

(Id., at 16). The Court agrees with the handbook on this point.

Both sides cite Safeco Ins. Co. of America v. Rawstrom, No. CV96-5139-RSWL(AJWX), 183 F.R.D. 668 (C.D. Cal. Dec. 4, 1998) in support of their positions. The Safeco court concluded that with some exceptions not applicable here, "the better rule is that interrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause." Id., at 671. The Court also agrees with Safeco because it is consistent with FED. R. CIV. P. 33(b)(4)'s mandate that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[4] Even if the Court gives Defendant the benefit of its reservation until the amended confidentiality agreement was signed, the current objections were made too late in the process and were therefore waived.

Still, Defendant argues that Plaintiffs already know the locations where hovering brushes are being used to dispense Defendant's products (Doc. 93 at 5-6). Whether this is correct or not, it does not excuse Defendant from its obligation to answer the interrogatory. Now, Plaintiffs' motion to compel a complete answer to Interrogatory No. 5 is **GRANTED**. Defendant shall answer this interrogatory in full within 14 days from the rendition of this Order.

Plaintiffs' Interrogatory No. 7 asks Defendant to:

> Identify and describe all communications between ICC and any other person concerning Ecolab's DryExx products, the Prior Litigation, the Settlement Agreement, the Consent

---

[4] Defendant argues Cahela v. James D. Bernard, D.O., P.C., No. 1:93-cv-1071-JEC, 155 F.R.D. 221 (N.D. Ga. Mar. 17, 1994), but the Court agrees with the Safeco court's analysis of that decision.

> Judgment, or any aspect thereof. A complete description of
> such communications should include at least the identities
> and employers of all individuals involved, the date(s) of the
> communications, and the substance of the communication.

(Doc. 82 at 20). In addition to its boilerplate objections, Defendant objects to this interrogatory on the grounds that: (1) when discrete subparts are included, this interrogatory exceeds the 25 interrogatory limit in FED. R. CIV. P. 33(a)(1); (2) Plaintiffs are asking for information on 50 or more conversations over the course of seven years; (3) Defendant has already identified the persons involved and the best way to obtain this information is to depose them; and (4) Defendant has already provided a synopsis of the instructions it gave to customers concerning application of the Accused Products (Doc. 82-3 at 7). Subject to these objections, Defendant stated that all its customers agreed to not use spray nozzles and that Defendant will not allow anyone to use its product through non-energized spray nozzles (Id.).

In a supplemental response Defendant said the answer to this interrogatory can be obtained by examining the records it is producing and in an additional supplemental response added that the information can be found by searching the documents using the keywords "Service Report," "Activity Report," "Ecolab," "DryEXX," "litigation," "consent judgment" and/or "settlement" (Doc. 82-8). Lastly, Defendant says the only way it can answer this interrogatory is to perform the same keyword search it has suggested Plaintiffs conduct, so the burden is the same for both sides (Id.). Plaintiffs have run the searches Defendant suggested and found that "Service Report" returns 691 documents; "Activity Report" returns 436 documents; "Ecolab" returns 318 hits; "DryEXX" returns 46 hits; "litigation" returns 19 hits; "consent judgment" returns 2 hits; and "settlement" returns 8 hits (Doc. 82 at 23). Plaintiffs represent that based on these results they will have to

review more than 1,500 documents for information responsive to Interrogatory No. 7 (Id.). This may be why Defendant contends that Interrogatory No. 7 is best answered by deposing the people who had the conversations (Doc. 93 at 14).

Defendant's boilerplate and "subject to" objections are overruled. Defendant's objection based on Rule 33(a)(1) is also overruled because it has not provided any analysis in support of this claim. The real question is whether Defendant has sufficiently answered the interrogatory by producing documents and suggesting search terms. By rule:

> **(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FED. R. CIV. P. 33(d). The rule "was not intended to permit parties to respond by 'directing the interrogating party to a mass of business records or by offering to make all of their records available.'" Haughton v. Dist. of Columbia, No. 12-cv-1767 (KBJ-AK), 315 F.R.D. 424, 427 (D.D.C. July 15, 2014) (quoting FED. R. CIV. P. 33 Advisory Committee note). Yet that is what Defendant has done here. It has suggested a methodology, but it has not specified the records Plaintiffs must review to obtain the answer to Interrogatory No. 7. And, it appears that performing the work suggested by Defendant will be quite an undertaking. Defendant is presumed to know its own records better than Plaintiffs and the Court is not persuaded that the keyword searches proposed by Defendant provide

sufficient guidance to allow Plaintiffs to locate the responsive documents as easily as they can be located by Defendant. Consequently, Defendant's remaining objections are overruled. Plaintiffs' motion to compel regarding Interrogatory No. 7 is **GRANTED**. Within 14 days from the rendition of this Order, Defendant shall provide a full and complete answer to Interrogatory No. 7 or alternatively, specify the records by bates number or other mark sufficient to enable Plaintiffs to locate and identify the records which contain the answer to this interrogatory.

      **DONE** and **ORDERED** in Orlando, Florida on January 8, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record