UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ECOLAB INC. and ECOLAB USA INC.,

   Plaintiffs,

v.                                         Case No:   6:18-cv-1910-Orl-41GJK

INTERNATIONAL CHEMICAL
CORPORATION,

   Defendant.

## ORDER[1]

This case comes before the Court without a hearing on Defendant, International Chemical Corporation's Unopposed Fourth Motion for Leave to File Confidential Materials Under Seal (Doc. 100).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit has "superimposed a somewhat more demanding balancing of interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245-1246 (11th Cir. 2007).

Defendant seeks to seal information to be filed in connection with Plaintiffs' motion for leave to amend their complaint (Id., at 1). Pursuant to agreement by the parties, the information in question has been designated "CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY" (Id., ¶ 3). Defendant represents that the information in question is in part, the subject of third-party confidentiality obligations and otherwise sensitive and confidential (Id., at 2-3). The Court accepts Defendant's representations and finds: (1) that good cause has been shown, and (2) that Defendant's interest outweighs the public's interest in the following information:

- Certain information in the December 17, 2019 Deposition of Robert Catroneo, Jr.

- Certain information in the October 25, 2019 Asset Purchase Agreement between ICC and DuBois

Accordingly, the motion is **GRANTED**. The unredacted deposition transcript and Asset Purchase Agreement may be filed **UNDER SEAL.** The seal shall remain in force for a period of **one (1) year** from the rendition of this Order, pursuant to Local Rule 1.09(c). Any party may seek an extension of the seal on motion filed before the seal expires. Versions of the deposition transcript and Asset Purchase Agreement, from which the confidential information has been redacted, may be filed on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record