UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ECOLAB INC. and ECOLAB USA INC.,

    Plaintiffs,

v.                                                Case No: 6:18-cv-1910-Orl-41GJK

INTERNATIONAL CHEMICAL
CORPORATION,

    Defendant.

## **ORDER**

This case comes before the Court without a hearing on Plaintiffs' Unopposed Motion for Leave to File Confidential Materials Under Seal (Doc. 108). As the Court has previously observed in this case, "[t]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause"

sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245-1246 (11th Cir. 2007).

Plaintiffs seek to seal documents they produced and which have been designated "CONFIDENTIAL-ATTORNEYS' EYES-ONLY" under the parties' Amended Confidentiality Agreement (Doc. 108 at 3). According to the declaration of one of Plaintiffs' attorneys, the documents "describe Ecolab's internal business processes, including marketing and sales strategies and processes for evaluating and improving the proprietary goods and services it provides its customers. The information also discloses confidential communications regarding sales opportunities and customer relationships." (Doc. 108-1, ¶ 5). The Court accepts Plaintiffs' representations and finds

that good cause has been shown, and that Plaintiffs' interest outweighs the public's interest in the following information ("Information"):

> The documents produced by Ecolab bearing the following bates numbers: EC2018-0038005-0038006, EC2018-0055737- 0055738, EC2018-0055841-0055842, EC2018-0056990, EC2018-0056991-56992, EC2018-0056999, EC2018-0057015-0057016, EC2018-0057017-0057018, and EC2018-0057075-0057080, as well as the unredacted versions of any brief or declaration filed by ICC discussing the contents of the same.

(Doc. 108 at 3).

Accordingly, the motion is **GRANTED**. The Information may be filed **UNDER SEAL.** The seal shall remain in force for a period of **one (1) year** from the rendition of this Order, pursuant to Local Rule 1.09(c). Any party may seek an extension of the seal on motion filed before the seal expires. Versions of the documents listed above, from which confidential information has been redacted, may be filed on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties